## THOMPSON *v.* KING.

### Opinion delivered June 6, 1910.

WILLS—CONTEST—PROOF OF HANDWRITING OF ATTESTING WITNESS.—Under Kirby's Digest, § 8034, providing that where the residence of an attesting witness is unknown the handwriting of such witness may be proved, *held,* that such proof is admissible where the testimony shows that an attesting witness is a wanderer, having no fixed place of residence, and that he can not be located.

Appeal from Lee Circuit Court; *Hance N. Hutton,* Judge; affirmed.

*J. M. Vineyard* and *H. F. Roleson,* for appellants.

The case should be reversed and dismissed.   57 Ark. 82; *Board of Directors* v. *Barton,* 92 Ark. 406.

*S. H. Mann,* for appellees.

The findings of the trial judge will not be disturbed, in the absence of gross abuse.   90 Ark. 514; 58 Ark. 371.

Hart, J.   This is a proceeding to contest the will of Warren Thompson, deceased, late of Lee County, Arkansas.   The appellees were the proponents of the will, and the appellants appeared, and contested its probate.   From a judgment of Lee Probate Court admitting the will to probate the contestants appealed to the circuit court, and from a judgment rendered against them there they have appealed to this court.

The ground of the contest was the mental incapacity of the testator to make a will at the time it was executed.   That issue was submitted to jury upon the evidence adduced at the trial under proper instructions of the court, and, the verdict of the jury being against them, it is not now claimed by the contestants that the proceedings in that respect present any ground for reversal.   Hence there is no need to abstract that part of the case.

They seek to reverse the judgment on the sole ground that the court erred in permitting evidence to be introduced of the handwriting of R. R. Clark, one of the attesting witnesses of the will.

R. A. Campbell and R. R. Clark were the subscribing witnesses to the will.   The first-named witness was present, and testified when the will was offered for probate.   Clark was not present, and proof was made that he had left Lee County, where he resided when the will was executed, because he feared arrest on account of some trouble he had got into.   The proof showed that he first went to Woodruff County, Arkansas, and later to some point in Mississippi.   The proponents of the will introduced testimony tending to show that they failed to locate him in Mississippi, although he was reported to be at Tupelo in that State.   The court, upon that showing, admitted proof of the handwriting of the testator and of the absent witness.

There was no error in this.   Under the head of proving wills and contesting their probate, we have a statute providing

that where an attesting witness resides out of the State, or through infirmity is unable to attend the court before which the will is offered for probate, such court may cause his deposition to be taken in the manner directed therein. Kirby's Digest, § 8033. The two succeeding sections of the statutes are as follows:

"Sec. 8034. When one of the witnesses to such will shall be examined, and the other witnesses are dead, insane, or their residence unknown, then such proof shall be taken of the handwriting of the testator, and of the witnesses dead, insane or absent, and of such other circumstances as would be sufficient to prove such will on a trial at common law.

"Sec. 8035. If it shall appear to the satisfaction of the court or clerk that all the subscribing witnesses to the will are dead, insane or absent, the court or clerk shall take and receive such proof of the handwriting of the testator and subscribing witnesses to the will and of such other facts and circumstances as would be sufficient to prove such will in a trial at law."

We think these sections of our statute, when read and construed together, invest the court with a large discretion in the matter. This is necessary in order to facilitate the proving of wills to the end that the executor may take charge of the estate and preserve it for those to whom it is given under the terms of the will. In this case the absent witness had left the county of his residence on account of having become involved in some trouble. An effort was made to locate him in this State at a place to which proponents had been informed he had removed. Upon their arrival there they were informed that he had gone to Mississippi, and an effort was made to locate him at his supposed residence in that State. The effort was unsuccessful.

There was some testimony to the effect that Clark was heard of at Senatobia, Mississippi, a few weeks before the will was offered for probate, but this testimony was hearsay, and, when taken in connection with the other testimony, tends to show that Clark was a wanderer, and that he had no fixed place of abode.

We are of the opinion that no abuse of discretion is manifest because the court treated him as an attesting witness whose residence was unknown.

The judgment is affirmed.